■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JOSEPH HENNESSY, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the County Court, Suffolk County, imposed January 30, 1978. Sentence affirmed. No opinion. This case is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Mollen, P. J., Latham, Suozzi and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK PIRAINO, Appellant. (Indictment No. 2387/75.)—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 15, 1976, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence (Indictment No. 2387/75). Judgment affirmed (see *People v Masci,* 42 NY2d 1055, 1056). Titone, J. P., Suozzi, Shapiro and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHARLES POMPONIO, Respondent.—Appeal, as limited by the People's brief, from so much of an order of the County Court, Westchester County, dated March 16, 1978, as, upon defendant's motion to dismiss the indictment, dismissed Counts Nos. 1, 2, 3, 4, 6, 7, 10 and 11. Order modified, on the law, by deleting therefrom the provisions which dismissed Counts Nos. 1, 3, 7 and 10 of the indictment, and substituting therefor a provision denying the motion as to those counts. As so modified, order affirmed insofar as appealed from, and case remitted to the County Court, Westchester County, for further proceedings with respect to Counts Nos. 1, 3, 7 and 10. The defendant is charged with 11 counts of criminal contempt in the first degree (see Penal Law, § 215.51), in that answers he gave to the Grand Jury were so false and evasive as to be tantamount to no answers at all. The County Court dismissed Counts Nos. 2 through 11 of the indictment as legally insufficient. The People concede that this was proper with respect to Counts Nos. 5, 8 and 9. The court found Count No. 1 to be legally sufficient, but dismissed it as the fruit of illegal eavesdropping, since the eavesdropping warrant was issued without the requisite probable cause. A review of the papers submitted to the court in support of the application for the eavesdropping warrant, reveals that there was sufficient probable cause to support issuing the warrant. Therefore, Count No. 1 of the indictment is reinstated. An examination of the remainder of the indictment shows that Counts Nos. 3, 7 and 10 are legally sufficient and should not have been dismissed. Martuscello, J. P., Latham, Rabin and Hawkins, JJ., concur.